USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH H. WOODSON,

        Plaintiff,

-against-

ONLYFANS,

        Defendant.

1:24-cv-01588-MKV

**SCHEDULING ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On May 6, 2025, the Court received Plaintiff's letter advising the Court that Defendant, OnlyFans, has failed to appear or respond to his Amended Complaint. [ECF No. 27]. In a subsequent order, the Court explained that Plaintiff has not properly served either Defendant OnlyFans or Andrea Yuliana De Leon with the Amended Complaint. [ECF No. 29] (citing Fed. R. Civ. P. 15(a)(3) and citing *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 346 (S.D.N.Y. 2005)). The Court explained further, that if a defendant is not served within 90 days after the Amended Complaint is filed, the Court must dismiss the action without prejudice or order that service be made within a specified time. [ECF No. 29] (citing Fed. R. Civ. P. 4(m)). The Court explained further, absent a showing of good cause for a delay, Plaintiff was required to serve Defendants on or before Monday, June 2, 2025. [ECF No. 29].

Accordingly, the Court ordered that, on or before June 2, 2025, Plaintiff shall either file on the docket a valid affidavit of service for each defendant or file a letter (1) showing cause why this case should not be dismissed for failure to prosecute and (2) showing good cause for failure to timely serve defendants. [ECF No. 29]. Plaintiff was put on notice that "he is ultimately responsible for prosecuting his case and that failure to comply with this order may result in dismissal." [ECF No. 29].

On May 30, 2025 Plaintiff filed three documents. [ECF Nos. 30-32].[1] None of these filings are responsive to the Court's order because they did not docket a valid affidavit of service of the *Amended Complaint* for *each defendant* or file a letter (1) showing cause why this case should not be dismissed for failure to prosecute and (2) showing good cause for failure to timely serve defendants with the *Amended Complaint*. [ECF No. 29]. Instead, Plaintiff directs the Court to his initial affidavit of service. [ECF No. 32].

However, in the Amended Complaint, Plaintiff adds a new claim for relief—breach of contract—and a new defendant—Andrea Yuliana De Leon. Accordingly, Plaintiff must serve the Amended Complaint on both OnlyFans and Andrea Yuliana De Leon. *See* Fed. R. Civ. P 4(m); *Shannon v. Venettozzi*, 749 F. App'x 10, 13 (2d Cir. 2018) (an amended complaint supersedes the original complaint, and renders it of no legal effect). As the Court explained in its last order, Plaintiff was required to serve Defendants on or before Monday, June 2, 2025. [ECF No. 29]. Plaintiff has missed that deadline. Plaintiff has not shown good cause for failure to timely serve both defendants with the *Amended Complaint*. However, since the Court is required to afford *pro se* litigants "special solicitude," the Court will allow Plaintiff additional time to serve both defendants.

Accordingly, IT IS HEREBY ORDERED that on or before September 12, 2025, Plaintiff shall file on the docket proof of service of the *Amended Complaint* on OnlyFans and Andrea Yuliana De Leon. If Plaintiff fails to file such proof, this case may be dismissed for failure to prosecute.

---

[1] Though one of Plaintiff's documents is titled "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," Plaintiff states that he "asked for proper order to show cause doc on two occasions and was told this is the only type." It appears Plaintiff was intending to respond to the Court's Order to Show Cause rather than request a preliminary injunction or a temporary restraining order.

**Plaintiff is reminded that failure to comply with this Order or with any order of the Court or comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or other obligations may result in sanctions, including monetary penalties on Plaintiff, the dismissal of this case or the preclusion of claims, defenses, arguments, or evidence.**

For any guidance regarding this case, Plaintiff is directed to contact the Pro Se Intake office by calling the following number: (212) 805-0175.

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff at the address of record and terminate the filing pending at Docket number 30.

**SO ORDERED.**

**Date: June 12, 2025**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**