USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/6/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH H. WOODSON,

Plaintiff,

-against-

ONLYFANS,

Defendant.

1:24-cv-01588-MKV

**ORDER OF DISMISSAL**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, who is proceeding *pro se*, initiated this case over two and a half years ago. [ECF No. 1]. As of this date, he has failed to comply with numerous court orders and to take any action to prosecute this case for over ten months. The Court has afforded Plaintiff leniency and has issued repeated warnings about the risk of sanctions, including six Orders To Show Cause why the case should not be dismissed for failure to prosecute since this case was initiated over two and a half years ago. [ECF Nos. 4, 25, 29, 36, 40, 42]. Plaintiff, however, has failed to even respond to the most recent Order to Show Cause that required him to, on or before November 30, 2025, show cause why his case against the only remaining Defendant, OnlyFans, should not be dismissed for failure to prosecute. In that most recent Order to Show Cause, the Court made clear to Plaintiff that if he continues to fail to prosecute his case, "**his case against OnlyFans will be dismissed for failure to prosecute.**" [ECF No. 42 (emphasis in original)].

Accordingly, for the reasons set forth below, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's claims against OnlyFans, the sole remaining Defendant, are dismissed with prejudice for failure to prosecute and to comply with this Court's Orders.

## BACKGROUND

Plaintiff initiated this action by filing a complaint on March 1, 2024 naming Defendant OnlyFans, [ECF No. 1], and filed an affidavit of service on OnlyFans on April 17, 2024. [ECF No. 3]. No response to the Complaint was filed and Plaintiff took no action to seek a default or otherwise to prosecute his case. On June 6, 2024, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [ECF No. 4 (the 'First Order to Show Cause")]. In the First Order to Show Cause, Plaintiff was warned that "he is ultimately responsible for prosecuting his case." [ECF No. 4].

On June 21, 2024, Plaintiff responded to the Court's First Order to Show Cause, noting that he had served OnlyFans, that OnlyFans did not respond, and that Plaintiff is "ready to prosecute the case." [ECF No. 5]. The Court subsequently directed Plaintiff to contact the *Pro Se* Intake Unit to request procedural assistance in further prosecuting this case in accordance with the Federal Rules of Civil Procedure. [ECF No. 6].

Thereafter, Plaintiff moved for a default judgment against Defendant. [ECF Nos. 14-18]. Twelve days later, Plaintiff filed a letter on the docket requesting the Court's attention to the motion for default judgment, [ECF No. 19], and filed several letters over the next few months, eventually threatening the Court with a lawsuit. [ECF Nos. 20-22]. Thereafter, the Court scheduled a default hearing and directed Plaintiff to serve the motion for default and the scheduling order on OnlyFans. [ECF No. 23]. At the default hearing, the Court denied Plaintiff's motion for default judgment without prejudice and explained that Plaintiff had not properly served Defendant with notice of the hearing as directed. [ECF No. 24]. Plaintiff was further advised that, consistent with the Court's obligation to ensure the Complaint stated a *prima facie* claim before entering a

default judgment, the Court had reviewed the Complaint and was of the view that Plaintiff had failed to state a claim for breach of contract. [ECF No. 24].

In an Order issued the same day, the Court granted leave for Plaintiff to file an amended complaint. [ECF No. 24]. In that Order, Plaintiff was put on notice that "failure to comply with court orders, the Court's Individual Rules, the Local Rules, and the Federal Rules of Civil Procedure may result in sanctions, including dismissal of this action for failure to prosecute." [ECF No. 24]. Nearly three months later, and only after this Court issued another order to show cause for failure to prosecute, [ECF No. 25 (the "Second Order to Show Cause")], Plaintiff ultimately filed the operative Amended Complaint, which added a new claim for relief and a new defendant, Andrea Yuliana De Leon. [ECF No. 26].

Despite filing the Amended Complaint, Plaintiff failed to timely serve it on Defendants OnlyFans and Andrea Yuliana De Leon. Accordingly, the Court issued a third Order to Show Cause directing that, on or before June 2, 2025, Plaintiff either file a valid affidavit of service for each defendant or file a letter (1) showing cause why this case should not be dismissed for failure to prosecute and (2) showing good cause for failure to timely serve defendants. [ECF No. 29 (the "Third Order to Show Cause")]. Plaintiff was warned that he is "ultimately responsible for prosecuting his case" and was warned that "**failure to comply with this Order . . . may result in . . . dismissal of this case.**" [ECF No. 29 (emphasis in original)]. Plaintiff did not comply with the Third Order to Show Cause but instead filed three documents, none of which was responsive to the Court's Third Order to Show Cause. [ECF Nos. 30-32].[1] Accordingly, to afford Plaintiff, a *pro se* litigant, "special solicitude," the Court, noting Plaintiff's three documents were

[1] One of Plaintiff's documents was titled "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order," but Plaintiff stated that he "asked for proper order to show cause doc on two occasions and was told this is the only type." [ECF No. 32]. It appears Plaintiff was intending to respond to the Court's Third Order to Show Cause rather than request a preliminary injunction or a temporary restraining order.

unresponsive to the Court's Third Order to Show Cause, again ordered Plaintiff to file proof of service of the Amended Complaint on OnlyFans and Andrea Yuliana De Leon, on or before September 12, 2025. [ECF No. 33].

Plaintiff thereafter filed an affidavit of service purporting to show service on OnlyFans. [ECF No. 34]. The affidavit stated that a summons and the Amended Complaint were delivered to a "Rosa Osorio" as an "Authorized Recipient" for "OnlyFans." [ECF No. 34]. Defendant OnlyFans did not respond to the Amended Complaint. Plaintiff thereafter filed a letter on the docket advising the Court that OnlyFans had failed to timely answer the Amended Complaint and urging the Court to "proceed swiftly and sternly to bring this matter to a close." [ECF No. 35]. Plaintiff did not move for a default judgment or take any steps to advance his case.

In turn, the Court issued a fourth Order to Show Cause directing that Plaintiff, on or before September 3, 2025, show cause why his case against OnlyFans should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. [ECF No. 36]. Plaintiff again was put on notice again that "he is ultimately responsible for prosecuting his case" and he was again warned that "**failure to comply with this Order . . . may result in . . . dismissal of this case.**" [ECF No. 36 (emphasis in original)]. Plaintiff was reminded that he remains ordered to file proof of service of the Amended Complaint on Andrea Yuliana De Leon on or before September 12, 2025. [ECF No. 36]. Further, Plaintiff was explicitly warned that "**[i]f Plaintiff fails to file such proof, his case against De Leon will be dismissed for failure to prosecute.**" [ECF No. 36 (emphasis in original)]. Plaintiff was further advised to consult the *Pro Se* Intake Unit for assistance regarding the prosecution of his case. [ECF No. 36].

Once again, Plaintiff did not comply with the Court's Order. Instead, Plaintiff submitted three filings on the docket. First, Plaintiff filed a form titled "Proposed Order to Show Cause with Emergency Relief for Preliminary Injunction and Temporary Restraining Order." [ECF No. 37

("Filing 1")]. However, the filing requested no temporary restraining order or preliminary injunction except to generally "have defendant show proper respect to [the] Justice System and pay immediately." Filing 1. Second, Plaintiff filed a letter that confirmed Andrea Yuliana De Leon was a "defendant" and asked the Court "to dismiss a new service request as defendant [De Leon] has shown she will ignore or duck any future attempts to serve her." [ECF No. 38]. Third, Plaintiff filed a letter where he stated he is attaching copies of his driver's license and social security card as well as "payment deposit info [*sic*] for OnlyFans to make the payment to." [ECF No. 39]. In the letter, Plaintiff then thanked the Court "in advance for holding [Defendants] accountable." [ECF No. 39].

Accordingly, on September 15, 2025, the Court denied Plaintiff's request to order the turnover of damages to Plaintiff. [ECF No. 40]. The Court further found that Plaintiff had failed to demonstrate good cause for his failure to serve Defendant Adriana Yuliana De Leon and, in turn, dismissed Plaintiff's suit against Andrea Yuliana De Leon without prejudice pursuant to Federal Rule of Civil Procedure 4(m). [ECF No. 40]. The Court additionally ordered that, on or before October 23, 2025, Plaintiff shall remedy his improper exposure of his social security number at docket entry number 39. [ECF No. 40].

The Court also found that since its previous orders Plaintiff had done nothing to move forward his case against OnlyFans and ordered Plaintiff, on or before October 23, 2025, to file a letter showing cause why his case against OnlyFans should not be dismissed for failure to prosecute. [ECF No. 40 (the "Fifth order to Show Cause")]. Plaintiff was again put on notice that he is ultimately responsible for prosecuting his case. [ECF No. 40]. He again was reminded that "**failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules . . . may result in sanctions, including . . . dismissal or preclusion of claims, defenses, arguments, or**

**evidence.**" [ECF No. 40 (emphasis in original)]. In the same Order, the Court once again advised Plaintiff that he may consult the *Pro Se* Intake Unit for assistance regarding the continued prosecution of this case. [ECF No. 40].

Plaintiff again failed to comply with the Court's Order. On September 24, 2025, Plaintiff filed a letter requesting the Court to redact "document 39 on the docket." [ECF No. 41].[2] In the letter Plaintiff also stated that dismissal of Adrea Yuliana De Leon "clear[ed] the way for her to weasel out of any default judgment that may occur [sic] this may be further addressed in my order to show cause." [ECF No. 41]. Plaintiff did not otherwise respond to this Court's Fifth Order to Show Cause regarding his case against OnlyFans and took no action to prosecute his case against OnlyFans.

Accordingly, on October 30, 2025, the Court issued a sixth Order to Show Cause directing that, on or before November 30, 2025, Plaintiff show cause why his case against OnlyFans should not be dismissed for failure to prosecute pursuant to Rule 41(b). [ECF No. 42 the "Sixth Order to Show Cause")]. Plaintiff once again was reminded that he is responsible for prosecuting his case and was explicitly warned that if he "**continues to fail to prosecute this action, his case against OnlyFans will be dismissed for failure to prosecute.**" [ECF No. 42 (emphasis in original)]. And, Plaintiff again was advised that he may consult the *Pro Se* Intake Unit for assistance regarding the continued prosecution of this case. [ECF No. 42]. Plaintiff was further warned in bold typeface that "**failure to comply with this Order . . . may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence**." [ECF No. 42].

[2] The Court has since designated the filing as Court-View only. [ECF No. 43].

As is a recurring pattern at this point, Plaintiff has once again failed to comply with the Sixth Order to Show Cause. Indeed, as of this date, and nearly ten months after the deadline to respond to the Sixth Order to Show Cause, Plaintiff has not filed a letter in response to the Sixth Order to Show Cause why his case against OnlyFans should not be dismissed for failure to prosecute or taken any action whatsoever to prosecute his case.

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders. *See* Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances. *See Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014); *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that he faces dismissal, and fails to respond to the threat of dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. The Court has carefully weighed all of these factors and concludes that, at this point, dismissal is warranted.

The first factor—the duration of Plaintiff's failure to prosecute—weighs in favor of dismissal. This case was filed over two and a half years ago. As explained above, Plaintiff has time and again delayed proceedings in this case by failing to advance his case, prompting six orders to show cause why dismissal for failure to prosecute is not warranted. [ECF Nos. 4, 25, 29, 36, 40, 42]. Most glaringly, Plaintiff entirely failed to respond to the Court's most recent Sixth Order to Show Cause, [ECF No. 42], which clearly ordered Plaintiff to show cause, by November 30, 2025, why his case should not be dismissed for failure to prosecute. Other than purporting to serve the Amended Complaint at the Court's invitation on OnlyFans in July 2025, [ECF No. 34], Plaintiff has not taken any action whatsoever to prosecute his case against OnlyFans for well over a year, prompting a string of three Orders to Show Cause beginning on August 13, 2025, the last of which, the Sixth Order to Show Cause, prompted no response or action in the more than ten months since it has been entered. [*See* ECF Nos. 36, 40, 42]. The Second Circuit has held that similar and even shorter periods of noncompliance or inaction supported dismissal. *See Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (summary order) (upholding dismissal of *pro se* case and finding an eight month delay significant); *Brow v. City of New York,* 391 F. App'x 937 (2d Cir. 2010) (summary order) (upholding dismissal where *pro se* plaintiff caused a delay of "nearly six months"); *Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal pursuant to Rule 41(b)); *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (upholding dismissal based on six-month delay).

Second, the Court has clearly and repeatedly put Plaintiff on notice throughout this case in six Orders to Show Cause, which made clear that Plaintiff is responsible for prosecuting his case and that failure to comply with court orders and failure to prosecute this case may result in dismissal. [ECF Nos. 4, 25, 29, 36, 40, 42]. With respect to his recent inaction, in the Court's

Fifth Order to Show Cause, [ECF No. 40], the Court noted that Plaintiff had not taken any action to prosecute his case against OnlyFans and ordered him to show cause, on or before October 23, 2025, why his case should not be dismissed for failure to prosecute pursuant to Rule 41(b). [ECF No. 40]. Plaintiff was explicitly and conspicuously warned, in boldfaced type, that "**failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or discovery or other obligations thereunder may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**" [ECF No. 40 (emphasis in original)]. Plaintiff ignored the Fifth Order to Show Cause and never filed a letter or any response showing cause why his case should not be dismissed. Notwithstanding that noncompliance, the Court issued a Sixth Order to Show Cause that explicitly, in boldfaced type, warned Plaintiff that if he "**continues to fail to prosecute this action, his case against OnlyFans will be dismissed for failure to prosecute.**" [ECF No. 42 (emphasis in original)]. The Sixth Order to Show Cause, which also required Plaintiff to show cause, by November 30, 2025, why his case should not be dismissed for failure to prosecute, also warned Plaintiff that his **"failure to comply with court orders and the Federal Rules of Civil Procedure . . . may result in sanctions, including . . . the case-terminating sanctions of dismissal for failure to prosecute**[.]" [ECF No. 42 (emphasis in original)]. These warnings "indisputably gave [Plaintiff] notice" that his case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468. Yet Plaintiff declined to take any action in response to the Court's Sixth Order to Show Cause.

With respect to the third factor, prejudice to Defendant OnlyFans from Plaintiff's unreasonable delay in prosecuting this action "may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("Prejudice to defendants resulting from unreasonable delay may be presumed."); *see also Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354,

358 (2d Cir. 2020). Further, Plaintiff has not rebutted the presumption of prejudice. Indeed, Plaintiff has not filed anything or contacted the Court in over a year, and has not explained in response to the Sixth Order to Show Cause why he has done nothing to prosecute his case. *See Gonzalez v. Olly Shoes LLC*, No. 20 CIV. 5216 (ER), 2021 WL 2853555, at *1 (S.D.N.Y. July 8, 2021) ("Gonzalez was unresponsive to the Court's October 30, 2020 Order, and has not otherwise been in contact with the Court or Defendant for over nine months, . . . the Court perceives no circumstances rebutting this presumption.").[3]

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). The Court has hundreds of cases and cannot be responsible to prompt plaintiffs to prosecute them. *See Sanders v. Ramos*, No. 12-cv-5302, 2013 WL 592670, at *3 (S.D.N.Y. Jan. 24, 2013) ("noncompliance with the Court's orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner") (cleaned up), *report and recommendation adopted*, 2013 WL 594229 (S.D.N.Y. Feb. 14, 2013). The Court has given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including simply filing a letter stating what efforts he has taken to advance his case or explaining why the case should not be dismissed for failure to prosecute. Plaintiff failed to take those opportunities.

Lastly, the Court has carefully considered whether to impose lesser sanctions. *See Baptiste*, 768 F.3d at 216. Because Plaintiff is *pro se*, the Court cannot impose monetary fines on counsel. Moreover, given Plaintiff has failed even to respond to the multiple notices advising that he risked

[3] Moreover, the Second Circuit has nonetheless affirmed a dismissal for failure to prosecute even where the prejudice factor did not favor dismissal. *See Hunter v. New York State Dep't of Corr. Servs.*, 515 F. App'x 40, 43 (2d Cir. 2013).

dismissal, it is doubtful that a lesser sanction would prove effective. *Ruzsa*, 520 F.3d at 178 ("[I]n light of Ruzsa's failure to respond to the notice threatening dismissal, it is equally unclear that a 'lesser sanction' would have proved effective in this case."); *see also Davis*, 597 F. App'x at 32 ("[G]iven plaintiff's repeated disregard for the court's instructions, no sanction less severe than dismissal would suffice."); *Brow*, 391 F. App'x at 937 ("[P]laintiff's failure to comply with the order warning him of the possibility of dismissal demonstrated that lesser sanctions would be ineffective"). Thus, given Plaintiff has failed to move his case forward in response to several Orders to Show Cause over the course of two and a half years, or even to respond to the previous two Orders to Show Cause why his case against OnlyFans, the only remaining Defendant, should not be dismissed for failure to prosecute, the Court finds dismissal is warranted as the appropriate sanction.

**CONCLUSION**

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Mary Kay Vyskocil

**Date: October 6, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**